SOLOMON WARD, Appellee, *vs.* THE MISSISSIPPI RIVER POWER COMPANY, Appellant.

*Opinion filed December 16, 1914.*

1. TRESPASS—*when defendant may, as a matter of right, file a plea of liberum tenementum.* In an action of trespass *quare clausum fregit,* where the declaration is general, without any specific description of the *locus in quo,* if the defendant has any land in the same county he may, of right, file a plea of *liberum tenementum,* and the effect of such plea is to require the plaintiff to make a new assignment particularly describing the *locus in quo.*

2. SAME—*when a general allegation of a trespass upon a close in the county is not sufficient.* A general allegation of a trespass upon the close of the plaintiff in the county is sufficient as against a wrongdoer who commits a trespass without any pretense of right or title, but if the defendant files a plea of *liberum tenementum* the general allegation is not sufficient.

APPEAL from the Circuit Court of Madison county; the Hon. W. E. HADLEY, Judge, presiding.

JOHN F. McGINNIS, for appellant.

JOHN J. BRENHOLT, for appellee.

Mr. JUSTICE VICKERS delivered the opinion of the court:

Appellee brought an action of trespass *quare clausum fregit* against the Mississippi River Power Company in the circuit court of Madison county and recovered a judgment for $150. The defendant below prosecuted an appeal to the Appellate Court for the Fourth District, and that court being of the opinion that a freehold was involved, transferred the cause to this court .

The declaration was in one count, and charged that the defendant, on the 14th day of July, 1913, and on other days and times between that day and the commencement of this suit, with force and arms and against the protest of plaintiff destroyed timber of the plaintiff growing upon certain lands of the plaintiff, and felled, cut and destroyed the trees and saplings, stating, under *videlicet,* various numbers and varieties of trees, of the aggregate value of $800, then growing and being in and upon certain lands there situate, and took and carried away said trees and saplings and converted and disposed of the same for its own use. To this declaration appellant filed a plea of the general issue and also two special pleas, which technically would be designated pleas of *liberum tenementum.* Afterwards, upon leave granted, a third special plea similar to the other two was filed. On motion of appellee the court struck the three special pleas from the files and the case went to trial before a jury upon the issue formed by the general plea of not guilty. The pleas of *liberum tenementum* were proper pleas, and the court erred in striking them from the files.

The appellee alleged a trespass upon a close in Madison county, without any more definite or particular description, which is sufficient as against a wrongdoer who commits a trespass without any pretense of right or title, but by its pleas of *liberum tenementum* appellant alleged that it was the owner of said close. These pleas constituted a complete defense if proven. The rule has been always recognized in

this jurisdiction, that if the declaration be general, without describing the *locus in quo,* and the defendant has any land in the same jurisdiction, plaintiff must always make a new assignment, setting out a description with more certainty. (*Fort Dearborn Lodge* v. *Klein,* 115 Ill. 177; *Marks* v. *Madsen,* 261 id. 51; 1 Chitty's Pl. 595.) The issue under such plea is whether the premises referred to in the declaration belonged to the defendant, and there being no particular description the defendant could show title to any land in the jurisdiction. The defendant in actions of this kind may, as a matter of right, file such plea, the effect of which is to require the plaintiff to re-assign, setting out a particular description of the *locus in quo.* The evidence in the case before us discloses that appellant owns a right of way sixty feet in width, title to which was obtained from Nick Runtz. The right of way was along the north line of the Runtz land. Appellee claims to be the owner of a tract of land adjoining the Runtz land on the north. His contention is, that in clearing off the sixty-foot right of way appellant got upon his land and committed the supposed trespass. Appellant being the owner of a strip of land sixty feet in width in Madison county would have been entitled to a verdict under its stricken pleas unless the appellee had re-assigned, describing the *locus in quo* more particularly. With pleas of *liberum tenementum* on file, if the appellee elects to re-assign, the ultimate issue between the parties would be the true location of the boundary line between the respective owners. While evidence of that general character was introduced at the trial of the case below the pleadings did not present any such issue.

The judgment of the circuit court of Madison county is reversed and the cause remanded.

*Reversed and remanded.*